J-S45013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS JOSEPH PARIS | : | |
| | : | |
| Appellant | : | No. 1058 MDA 2024 |

Appeal from the PCRA Order Entered July 12, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000259-2018

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: DECEMBER 30, 2024**

Appellant, Thomas Joseph Paris, appeals *pro se* from the order entered on July 12, 2024, which dismissed his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 23, 2018, Appellant entered a negotiated guilty plea to burglary, criminal trespass, theft by unlawful taking, receiving stolen property, possessing instruments of crime, and possessing drug paraphernalia.[1]  That day, the trial court sentenced Appellant to serve an aggregate term of 24 to 48 months in prison for his convictions.  Appellant did not file a direct appeal from his judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 3502(a)(4), 3503(a)(1)(ii), 3921(a), 3925(a), and 907 and 35 P.S. § 780-113(a)(32), respectively.

On April 19, 2024, Appellant filed the current PCRA petition. As this was Appellant's first PCRA petition, the PCRA court appointed counsel to represent Appellant during the proceedings. PCRA Court Order, 4/25/24, at 1. However, appointed counsel later filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On June 18, 2024, the PCRA court granted counsel leave to withdraw and, on June 20, 2024, the PCRA court issued Appellant notice that it intended to dismiss his petition in 20 days, without holding a hearing. **See** PCRA Court Order, 6/18/24, at 1; PCRA Court Order, 6/20/24, at 1; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on July 12, 2024. PCRA Court Order, 7/12/24, at 1. Appellant filed a timely notice of appeal from this order. We now affirm the dismissal of Appellant's untimely PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Eichinger**, 108 A.3d 821, 830 (Pa. 2014).

Before this Court may address the substance of Appellant's claims, we must first determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.

. . .

> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

*See Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotation marks and some citations omitted).

Appellant pleaded guilty and was sentenced for his crimes on August 23, 2018. Appellant did not file a direct appeal to this Court. Thus, Appellant's judgment of sentence became final on Monday, September 24, 2018. *See*, *e.g.*, Pa.R.A.P. 903(a); *see also* 1 Pa.C.S.A. § 1908 (computation of time). Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until September 24, 2019 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's current petition, which was filed on April 19, 2024, is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

- 3 -

Appellant has not attempted to plead a valid exception to the PCRA's one-year time-bar. **See** Appellant's PCRA Petition, 4/19/24, at 1-2. Hence, we conclude that, since Appellant failed to plead a valid exception to the PCRA's time-bar, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). We thus affirm the PCRA court's order, which dismissed Appellant's PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2024